United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11057
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CUONG HUY PHAM,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-56-1
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cuong Huy Pham (Cuong) appeals his convictions, following a
jury trial, of conspiracy to possess with intent to distribute 3,
4-methylenedioxymethamphetamine (MDMA), or Ecstasy, and
possession of MDMA with intent to distribute, in violation of 21
U.S.C. §§ 846 and 841(a).  The district court imposed consecutive
prison sentences of 240 and 120 months and concurrent supervised-
release terms of three years.

Cuong challenges the district court's denial of his motion
to suppress approximately 10,000 MDMA tablets and other evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seized on March 9, 2005, from a brown Lexus in which he was a passenger and in which codefendant Thuan Pham (Thuan) was the driver. "The standard of review for a motion to suppress based on live testimony at a suppression hearing is to accept the trial court's factual findings unless clearly erroneous or influenced by an incorrect view of the law." United States v. Outlaw, 319 F.3d 701, 704 (5th Cir. 2003) (citations and internal quotation marks omitted). Under Terry v. Ohio, 392 U.S. 1, 30 (1968), "police officers may stop and briefly detain an individual for investigative purposes if they have reasonable suspicion that criminal activity is afoot." Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000). Under Terry's two-pronged test, "[c]ourts first examine whether the officer's action was justified at its inception, and then inquire whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop." United States v. Brigham, 382 F.3d 500, 506 (5th Cir. 2004) (en banc) (citing Terry, 392 U.S. at 19-20). "'Reasonable suspicion must be supported by particular and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant an intrusion.'" Goodson, 202 F.3d at 736 (citation omitted).

Cuong asserts that the purported justification for the stop of the Lexus was a traffic violation and argues that Thuan had committed no such violation. He is incorrect about the investigating agents' basis for the stop. Those agents were acting upon specific information supplied by a man named Phuong

Truong, who was stopped with approximately 1,000 MDMA tablets earlier on the evening of March 9, 2005.

Cuong maintains that, even if a traffic violation had not been the purported basis for the stop, the information provided by Truong was "vague and uncorroborated" and "void of credibility."  "A tip, even an anonymous tip, may provide the reasonable suspicion necessary to justify an investigatory stop." United States v. Gonzalez, 190 F.3d 668, 672 (5th Cir. 1999) (citing Alabama v. White, 496 U.S. 325, 327-29 (1990)). Reasonable suspicion to justify the stop of an automobile may be based upon information obtained from an informant that possesses "indicia of reliability."  Adams v. Williams, 407 U.S. 143, 147 (1972).  Whether an informant's tip provides officers with reasonable suspicion to justify a stop "is dependent upon both the content of information possessed by police and its degree of reliability."  White, 496 U.S. at 330.  Both the quantity and quality of the information are considered under the "totality of the circumstances" approach.  Id.

The stop of the Lexus was based on the following information:  Upon being arrested for carrying MDMA tablets, Truong agreed to cooperate with investigators.  He told them that he was to assist Cuong and another Asian male, who had traveled from Houston to Fort Worth in a brown Lexus, with the delivery of a larger quantity of MDMA later that evening.  Truong asserted that he was an informant for a Houston-area DEA agent.  Fort Worth agents contacted the Houston-area agent and confirmed that Truong was in fact an informant and that a man named "Cuong" was

the target of an investigation of large-scale MDMA distribution in Houston. In the presence of Forth Worth agents, Truong purported to make telephone calls to Cuong and Thuan to arrange a meeting at a nearby Kroger grocery-store parking lot. Although these conversations were in Vietnamese, which the agents did not understand, Truong communicated the contents of the conversations to the agents. Truong and the agents then proceeded to the Kroger lot, where they saw two Asian males standing by a brown Lexus, apparently looking for someone. Truong identified one of the men as Cuong. The two men then got into the Lexus and began circling the lot, whereupon patrol officers stopped them. Codefendant Thuan gave oral and written consent to a search of the Lexus, which resulted in the discovery of the MDMA tablets. The information provided by Truong, coupled with subsequent corroborating observations by investigating agents, was more than sufficient to create reasonable suspicion to stop the Lexus in which Cuong was a passenger. See White, 496 U.S. at 329, 331 (even if the tip by itself "would not warrant a man of reasonable caution in the belief that [a stop] was appropriate," there was "more than the tip itself" so as to corroborate the tip (internal quotation marks and citation omitted)).

Cuong also contends that the district court erred in denying his motion to sever his trial from Thuan's. He argues that the denial prevented him from presenting Thuan's exculpatory testimony that the MDMA tablets belonged to him, Thuan, and not Cuong. Because Thuan did not express an "unequivocal" willingness to testify on Cuong's behalf, the district court did

not abuse its discretion in denying the severance motion.
See United States v. Valdez, 453 F.3d 252, 261 (5th Cir. 2006);
United States v. Manges, 110 F.3d 1162, 1175 (5th Cir. 1997).
Cuong's related contention that the district court did "not
allow[]" Thuan to testify at his trial is not supported by the
record.  Finally, the district court did not abuse its discretion
in declining to allow Cuong to cross-examine Fort Worth
investigator Jerry Cedillo about exculpatory statements that
Thuan might have made to Cedillo.  See United States v. Waldrip,
981 F.2d 799, 803 (5th Cir. 1993).

The judgment is AFFIRMED.